DISMISS; Opinion filed October 9, 2012



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-12-01026-CV

ZINIS LLC D/B/A ZINIS PIZZAERIA, Appellant

V.

DALLAS COUNTY, CITY OF DALLAS,
DALLAS INDEPENDENT SCHOOL DISTRICT,
DALLAS COUNTY SCHOOL EQUALIZATION FUND,
PARKLAND HOSPITAL DISTRICT, AND
DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, Appellees

On Appeal from the 44th Judicial District Court
Dallas County, Texas
Trial Court Cause No. TX-11-30001

# MEMORANDUM OPINION

Before Chief Justice Wright and Justices Francis and Lang-Miers
Opinion By Chief Justice Wright

By letter dated August 8, 2012, the Court questioned its jurisdiction over this appeal. Specifically, we questioned the timeliness of appellant's notice of appeal. We directed appellant to file a jurisdictional brief explaining how the Court has jurisdiction and gave appellee an opportunity to file a response. Appellant filed a jurisdictional brief. Appellee did not file a response.

The trial court signed the judgment on October 17, 2011. Appellant filed a timely motion for new trial. Accordingly, the notice of appeal was due on January 15, 2012, ninety days from the date the judgment was signed. *See* TEX. R. APP. P. 26.1(a)(1). Appellant filed its notice of appeal on February 13, 2012, twenty-nine days past the due date. Without a timely filed notice of appeal,

this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

When a party adversely affected by the judgment does not receive notice within twenty days of judgment, the period for filing the appeal begins to run from the date the party received notice, provided no more than ninety days have elapsed since the signing of the judgment. *See* TEX. R. APP. P. 4.2(a)(1). To benefit from this notice rule, the party seeking relief from the judgment must prove in the trial court, on sworn motion, the date of notice. *See* TEX. R. APP. P. 306a(5); TEX. R. APP. P. 4.2. For purposes of appellate jurisdiction, the trial court must sign a written order specifying the date when the party or the party's attorney first learned of the judgment. *See* TEX. R. APP. P. 4.2(c).

In its response, appellant informs the Court that it did not receive notice of the judgment until November 14, 2011, more than twenty days from the date the judgment was signed. Appellant states "[a] verified Rule 306a(3) motion was sent to the Court with a return envelope and request for hearing setting." Appellant contends that, in light of its 306a motion, the appellate deadlines begin to run from November 14, 2011 instead of October 17, 2011. We disagree.

Although appellant moved for a finding that it did not receive notice of the judgment until November 14, 2011, it failed to set the motion for hearing and obtain a ruling. *See* TEX. R. CIV. P. 306a(5); TEX. R. APP. P. 4.2(c). Without a ruling, the notice of appeal was due no later than January 15, 2012. *See* TEX. R. APP. P. 26.1. Appellant's February 13, 2012 notice of appeal was untimely. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b). Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

_____
CAROLYN WRIGHT
CHIEF JUSTICE

121026F.P05

–2–



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ZINIS LLC D/B/A ZINIS PIZZAERIA, Appellant

No. 05-12-01026-CV      V.

DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, PARKLAND HOSPITAL DISTRICT, AND DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, Appellees

Appeal from the 44th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. TX-11-30001).
Opinion delivered by Chief Justice Wright, Justices Francis and Lang-Miers, participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees, Dallas County, City of Dallas, Dallas Independent School District, Dallas County School Equalization Fund, Parkland Hospital District, and Dallas County Community College District, recover their costs of the appeal from appellant, Zinis LLC d/b/a Zinis Pizzaeria.

Judgment entered October 9, 2012.

CAROLYN WRIGHT
CHIEF JUSTICE